**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:05CV-P37-S**

**ROBERT CARL DAVIS**                                                                 **PETITIONER**

**v.**

**NELSON COUNTY CIRCUIT COURT**
**KENTUCKY DEPARTMENT OF CORRECTIONS**                          **RESPONDENTS**

**MEMORANDUM OPINION**

The petitioner, Robert Carl Davis, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is currently before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. Because the petition is untimely, the court will deny the petition and dismiss the action.

**I.  BACKGROUND**

On July 17, 2003, the Nelson Circuit Court entered a final judgment of conviction against the petitioner for flagrant non-support.[1] The court sentenced him to five years conditionally discharged on the condition that he pay his child support (DN 8, Attach.). On July 8, 2004, his probation was revoked due to his failure to comply with the terms of his probation. The petitioner did not file a direct appeal, and he has not pursued any state postconviction relief with

---

[1] It has been difficult to ascertain the date on which the trial court entered the judgment of conviction. The original petition indicates the petitioner was convicted and sentenced on April 3, 2003 (DN 1, Pet.). A supplement indicates that the court sentenced him on May 3, 2003 (DN 6). Attached to a second supplement is a motion file by counsel that indicates that the petitioner pleaded guilty on April 7, 2002, but was not sentenced until 16 months later on August 7, 2003 (DN 8). A copy of an order by the court itself, however, indicates that the judgment of conviction was entered on July 17, 2003. *Id.* The court will use this latter date in analyzing the timeliness of the federal habeas petition.

respect to his conviction. On January 18, 2005, he filed the present action seeking habeas corpus relief.

## II. ANALYSIS

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). Some of the petitioner's claims appear to be procedurally defaulted while others appear to be unexhausted. Notwithstanding the fact that he has presented this court with some unexhausted claims, the court may nevertheless deny the petition on its merits. 28 U.S.C. § 2254; *Lott v. Coyle,* 261 F.3d 594 (6th Cir. 2001) ("Even assuming [the petitioner] does have a remedy in state court, however, we may nevertheless consider his unexhausted ... claim.") (citations omitted).

The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

        (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

        (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, the petitioner did not file a direct appeal of his conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, the petitioner's conviction became final on August 18, 2003, 30 days after the trial court entered the judgment of conviction. Rule 12.04 of the Kentucky Rules of Criminal Procedure (1981) (amended 1998). Thus, he had until August 18, 2004, to file his petition for writ of habeas corpus in this court unless there was a time-tolling collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (quoting § 2244(d)(2)) (The one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"). A review of the petition reveals that the petitioner did not file any time-tolling collateral attacks. Because he filed the present petition well beyond the expiration of the statute of limitations, his action is time barred and must be dismissed.

### III.  CERTIFICATE OF APPEALABILITY

In the event that the petitioner appeals this court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to

make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484. In such a case, no appeal is warranted. *Id.* The court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The court will enter an order consistent with this memorandum opinion.

Date:


cc: Petitioner *pro se*
4411.002